UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

2013 APR 12 P 4: 01

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____ DEP. CLERK

HUTCHESON MEDICAL CENTER, INC., )
as fiduciary of the Hutcheson Medical )
Center, Inc. Employee Health Plan, )
                                               )
     Plaintiff,                         )
                                               )
vs.                                                )     CASE NO. 1-13-cv-123
                                               )
ONEBEACON AMERICA INSURANCE )
COMPANY and KINDRED HEALTHCARE )
SERVICES, INC., )
                                               )
     Defendants.                  )

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Hutcheson Medical Center, Inc. ("Hutcheson"), as fiduciary of the Hutcheson Medical Center, Inc. Employee Health Plan, asserts the following complaint for declaratory relief against Defendants.

### PARTIES

1. Hutcheson is a corporation incorporated under the laws of the State of Georgia with its principal place of business in Fort Oglethorpe, Georgia.

2. Hutcheson is the administrator and fiduciary of the Hutcheson Medical Center, Inc. Employee Health Plan (the "Plan"). A true and correct copy of the Summary Plan Description for the Plan is attached hereto as Exhibit "A."

3. The Plan is an employee benefit plan as that term is defined in Section 3 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3).

4. Defendant OneBeacon America Insurance Company ("OneBeacon") is a corporation incorporated under the laws of the State of Massachusetts with its principal place of business in Massachusetts. OneBeacon is licensed to sell insurance in the State of Tennessee.

5. Defendant Kindred Healthcare Services, Inc. ("Kindred") is a corporation incorporated under the laws of the State of Delaware having its principal place of business at 680 S. 4th St., Louisville, Kentucky.

## JURISDICTION AND VENUE

A. **Federal Question; ERISA**

6. This Court has federal question jurisdiction over this action under 28 U.S.C. Section 1331 and 29 U.S.C. Section 1132(a)(3) because Hutcheson seeks a declaration enforcing the terms of an ERISA plan.

7. Jurisdiction exists over Defendants because, pursuant to 29 U.S.C. § 1132(e)(2), process may be served in any district "where a defendant resides or may be found." Service on Kindred may be effectuated by delivering the summons and Complaint to its registered agent, CT Corporation System, 800 S. Gay St., Suite 2021, Knoxville, Tennessee 37929. Service on OneBeacon may be effectuated by delivering the summons and Complaint to the Tennessee Commissioner of Insurance in accordance with Tenn. Code Ann. § 56-2-103(a)(3) and § 56-2-504.

8. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), in that an action under Title I of ERISA may be brought in the district where a defendant resides or may be found. Kindred may be found in this district because it operates a hospital here. Moreover, OneBeacon has licensed agents selling and servicing its products within this judicial district.

B. **Diversity of Citizenship**

9. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, diversity of citizenship, because the amount in controversy exceeds $75,000 and because neither Defendant is a citizen of the same state as Hutcheson. Moreover, Hutcheson and OneBeacon are citizens of different states.

10. Both Defendants are subject to jurisdiction in this court. Kindred is a corporation qualified to do business in Tennessee, and OneBeacon is licensed as an insurer in Tennessee.

11. Venue is proper in this district under 28 U.S.C. Section 1391(b)(1) in that Kindred resides in this district.

## STATEMENT OF PERTINENT FACTS

A. **ERISA Plan Participant, Insurance Policy, Accident and Medical Expenses**

12. One of Hutcheson's employees, Joan Greene, participated in the Plan during 2011. Ms. Greene elected to have spousal coverage for her husband, Patrick Greene ("Greene"), through the Plan during that time. (*See* Plan at p. 9.)

13. Greene was a truck driver working as an independent contractor.

14. On or about June 28, 2011, while performing his duties Greene was injured in a serious traffic accident. His ensuing treatment generated substantial medical expenses.

15. Many of Greene's medical expenses are covered by the Plan. (Plan at p. 19.)

16. The Plan has a coordination of benefits provision (the "COB"), which provides in pertinent part:

> **Benefit plan payment order.** When two or more plans provide benefits for the same allowable charge, benefit payment will follow these rules.
> 1) Plans that do not have a coordination provision, or one like it, will pay first. Plans with such a provision will be considered after those without one.
> 2) Plans with a coordination provision will pay their benefits up to the Allowable Charge:

7796218 v6

Case 1:13-cv-00123-CLC-SKL   Document 1   Filed 04/12/13   Page 3 of 8   PageID #: 3

> (a) The benefits of the plan which covers the person directly (that is, as an employee, member or subscriber) ("Plan A") are determined before those of the plan which covers the person as a dependent ("Plan B").
>
> . . .

(Plan at p. 43.)

17. At the time of his accident, Greene was insured under an Occupational Accident Policy issued by OneBeacon (the "Policy"). A portion of Greene's medical expenses also are covered by the Policy, which provides in relevant part that:

> If an Insured Person suffers an Injury that requires him or her to be treated by a Physician, within the Medical Commencement Period shown in the Schedule, the Company will pay the Usual and Customary Charges incurred for Medically Necessary Covered Accident Medical Services received due to that Injury, up to the Maximum Benefit Amount and Maximum Benefit Period shown in the Schedule, per Insured Person, for all Injuries caused by a single Covered Accident, subject to any applicable Deductible Amount.

(Policy at p. 17.) A true and correct copy of the Policy is attached hereto as Exhibit "B."

18. The Policy has a limit of $500,000. (Policy at p. 8).

19. The Policy has a section entitled "AME Benefit Exclusions," which provides that "charges for Covered Accident Medical Services do not include, and benefits are not payable with respect to, any expense for or resulting from: . . . 13. services or treatment which are covered under any other insurance of any kind . . ." ("Benefit Exclusion No. 13"). (Policy at p. 18.)

20. OneBeacon asserts that Benefit Exclusion No. 13 renders the Policy secondary to the Hutcheson Plan.

21. To date, Hutcheson has received medical bills from Greene's medical providers totaling $826,608.79. Pursuant to the terms of the Plan and Hutcheson's agreements with the various medical providers, $531,191.94 of this amount is deemed to be allowed by the Plan.

22. OneBeacon has received bills from Greene's medical providers totaling $819,595.69. According to OneBeacon, $497,886.56 of this amount is deemed to be allowed by the Policy.

23. Of the amounts covered by the Plan or the OneBeacon Policy, $494,238.66 is covered by both.

B. **Kindred Medical Expenses**

24. On or about July 29, 2011, Greene was admitted to Kindred's Chattanooga Hospital ("Kindred Hospital") for treatment of injuries arising from the accident. Greene executed an Admission Agreement, which assigned to Kindred Hospital payment from "any insurance or health plan benefits otherwise payable to [Greene.]" A true and correct copy of the Admission Agreement is attached hereto as Exhibit "C." (see p. 2)

25. Kindred also executed a document stating that it "agree[d] to accept the discount below less any deductible, coinsurance, and non-covered items, if applicable, as payment in full for the following services that have been provided to [Greene]. Prompt Pay Discount. 75% off billed charges." A true and correct copy of this document is attached hereto as Exhibit "D."

26. Kindred billed the Hutcheson Plan $56,415.25 for medical services rendered to Greene at Kindred Hospital. Of this amount, $39,490.68 is deemed to be allowed by the Plan.

27. OneBeacon was also billed by Kindred for $56,415.25. OneBeacon deems $31,057.60 of this amount to be allowed by the OneBeacon Policy.

C. **Dispute on Priority and Coordination of Benefits**

28. On or about June 6, 2012, OneBeacon — through the Policy's administrator Inter-Americas Insurance Corp., Inc. ("Inter-Americas") — notified the Plan's administrator, MedAdmin Solutions ("MedAdmin"), that OneBeacon was taking the position that, with respect

to Greene's medical expenses, the Policy was secondarily liable to the Plan on account of Benefit Exclusion No. 13. A true and correct copy of the June 6, 2012 correspondence is attached hereto as Exhibit "E."

29. On or about June 29, 2012, counsel for Hutcheson responded to Inter-Americas, disputed that the Policy was secondary to the Plan, and asserted that OneBeacon's Policy was primarily liable for Greene's medical expenses. A true and correct copy of the June 29, 2012 letter is attached hereto as Exhibit "F."

30. Counsel for OneBeacon responded on or about September 4, 2012 and acknowledged the conflict between the Plan and Policy. Counsel for OneBeacon insisted that, as a result of the conflict, OneBeacon and Hutcheson share Greene's expenses on a "pro rata" basis. A true and correct copy of the September 4, 2012 letter is attached hereto as Exhibit "G."

31. In summary, the Plan contends that its COB clause renders the Plan secondary to the Policy. Indeed, federal common law provides that the Plan's COB clause must be given full effect, thereby rendering the Plan secondary to OneBeacon's Policy. Conversely, OneBeacon asserts that the OneBeacon and the Plan must share "pro rata." Accordingly, there is an irreconcilable conflict between the Plan and OneBeacon.

32. Hutcheson and OneBeacon, acting through counsel, have not resolved their dispute.

33. Hutcheson is uncertain of its rights and desires an early adjudication of those rights. Hutcheson does not want to wait until Defendants decide to sue it and does not want to act at its peril in the interim. Until Hutcheson's rights are clarified, it will remain uncertain about its obligations, such as how much it must pay to Kindred and Greene's other healthcare providers.

34. Hutcheson seeks a declaratory judgment from this Court enforcing the Plan's COB clause by declaring the Hutcheson Plan to be secondary to OneBeacon's Policy.

### D. Specific Obligations to Kindred

35. Of the $39,490.68 that is allowed by the Hutcheson Plan, $31,057.60 — i.e., the amount that OneBeacon's Policy allows for Kindred's claim — should be paid by OneBeacon.

36. As of the date of the filing of this Complaint, Hutcheson has paid to Kindred $8,433.08, which represents the difference between the amount Hutcheson has allowed for Kindred's claim and the amount allowed by OneBeacon.

37. Shortly after the filing of this complaint, Hutcheson will seek leave of court to deposit into the registry of this court $31,057.60, which is the remainder of Kindred's allowable charges to the Plan and is the maximum the Plan could owe to Kindred.

38. Hutcheson also seeks a declaratory judgment from this Court that it is not obligated to pay any additional sums to Kindred, because the remaining $31,057.60 owed to Kindred should be paid by OneBeacon.

39. Hutcheson and Defendants are interested parties in this matter in that they have legal interests and rights at issue.

WHEREFORE, Hutcheson respectfully prays that the Court:

    a. Enforce the terms of the Hutcheson Plan's COB and declare that the OneBeacon Policy is primary to the Hutcheson Plan;

    b. Declare that OneBeacon — and not Hutcheson — is obligated to pay the remaining $31,057.60 owed to Kindred on account of Kindred's rendering medical services to Greene; and

    c. Grant Hutcheson such other and further relief as this Court may deem proper.

This 12th day of April, 2013.

By: /s/ David L. Moss
David L. Moss [BPR #011076]
James A. Fields [BPR #011484]

**FIELDS & MOSS, P.C.**
1200 Mountain Creek Road, Suite 260
Chattanooga, Tennessee 37405
(423) 266-2999 [phone]
(423) 266-3999 [fax]
dmoss@fieldsmosslaw.com
jfields@fieldsmosslaw.com

Attorneys for Plaintiff Hutcheson Medical Center, Inc.


**Of Counsel** (application *pro hac vice* pending):

Lewis E. Hassett [Ga. Bar No. 336140]
Stephen M. Vaughn [Ga. Bar No. 219482]

**MORRIS, MANNING & MARTIN, LLP**
3343 Peachtree Road, N.E., Suite 1600
Atlanta, Georgia 30326
(404) 233-7000 [phone]
(404) 365-9532 [fax]
lhassett@mmmlaw.com
svaughn@mmmlaw.com

7796218 v6